**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOH RIVER TIMBER COMPANY, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-418C (Judge Firestone) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND COUNTERCLAIM**

Defendant, the United States, for its answer to the amended complaint of plaintiff, Hoh River Timber Company ("Hoh River"), admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in the first sentence of paragraph 3. The allegations contained in the second sentence of paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegation contained in paragraph 4, that "[t]his action arises out of the Contracting Officer's Findings and Decision dated February 24, 2006," constitutes a conclusion of law and plaintiff's characterization of its case, to which no answer is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the remaining allegations contained in

paragraph 4 to the extent supported by the Findings and Decision cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations in paragraph 4.

5. Admits the allegations contained in the first and second sentences of paragraph 5 to the extent supported by the advertisement cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 5. Admits the allegations contained in the third sentence of paragraph 5. Admits the allegations contained in the fourth sentence of paragraph 5 to the extent supported by the bid records cited, which are the best evidence of their contents; otherwise denies the allegations contained in the fourth sentence of paragraph 5. Admits the allegations contained in the fifth sentence of paragraph 5 to the extent supported by the award letter and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the fifth sentence of paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent supported by the modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Admits.

11. Admits the allegations contained in paragraph 11 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11. Defendant avers that the sale termination date (which Hoh River refers to as the sale "term" date), should have been March 31, 1999.

12. Admits the allegations contained in paragraph 12 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits.

14. Admits.

15. Admits the allegations contained in paragraph 15 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies.

17. Admits.

18. Admits the allegations contained in paragraph 18 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits.

20. Admits.

21. Admits the allegations contained in paragraph 21 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits.

24. Admits the allegations contained in paragraph 24 to the extent supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Denies.

26. Admits the allegations contained in paragraph 26 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits.

28. Admits the allegations contained in the first sentence of paragraph 28 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 28. Admits the allegations contained in the second sentence of paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits.

31. Admits.

32. Admits.

33. Admits the allegations contained in paragraph 33 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the plan cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegations contained in paragraph 37 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38. Admits the allegations contained in paragraph 38 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits.

43. Admits the allegations contained in paragraph 43 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits.

46. Admits.

47. Denies the allegations contained in paragraph 47 for lack of knowledge or information sufficient to form a belief as to their truth.

48. Defendant's responses to paragraphs 1 through 48 of the complaint are incorporated by reference.

49. Denies.

49. Denies the allegations contained in paragraph 49 for lack of knowledge or information sufficient to form a belief as to their truth.

50. Admits the allegations contained in the first sentence of paragraph 50. The second sentence of paragraph 50 is not an allegation of fact and, therefore, no answer is required; to the extent that the second sentence of paragraph 50 may be deemed to be an allegation of fact, it is denied.

51. Denies the allegations contained in the first sentence of paragraph 51, that the Forest Service consulted with Fish and Wildlife Service ("FWS") concerning the effects of the sale on the northern spotted owl in July 1991, for lack of knowledge or information sufficient to form a belief as to their truth; admits the remainder of the allegations contained in the first sentence of paragraph 51. Admits the allegations contained in the second sentence of paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the record of consultation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52. Avers that the allegations contained in the second sentence of paragraph 52 constitute plaintiff's characterization and opinion of the subject matter discussed, to which no further answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Denies.

54. Admits the allegations contained in the first sentence of paragraph 54, that the Forest Service modified the sale area by retagging and excluding portions of streams to conform

to FWS guidelines; denies the remainder of the allegations contained in the first sentence of paragraph 54. Denies the allegations contained in the second sentence of paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the third sentence of paragraph 54 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Denies.

56. Denies the allegations contained in the first sentence of paragraph 56. The allegations contained in the second sentence of paragraph 56 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. Admits the allegations contained in the first and second sentences of paragraph 58 to the extent supported by the record of consultation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 58. The allegations contained in the third sentence of paragraph 58 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. Admits the allegations contained in the first and second sentences of paragraph 59 to the extent supported by the sale contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 59. The allegations contained in the third sentence of paragraph 59 constitute conclusions of law to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. Admits the allegations contained in paragraph 60 to the extent supported by the sale contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 60.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. Admits the allegations contained in the first sentence of paragraph 64. Denies the allegations contained in the second, third, and fourth sentences of paragraph 64. Avers that the July 24, 2001 adjustment moved the term date beyond 10 years from the date of contract award.

65. The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. Admits the allegations contained in paragraph 66 to the extent supported by the Forest Service Manual, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 66.

67. The allegations contained in paragraph 67 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. The allegations contained in paragraph 69 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

70. Admits the allegations contained in paragraph 70 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 70.

71. The allegations contained in paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. Defendant's responses to paragraphs 1 through 71 of the complaint are incorporated by reference.

73. The allegations contained in paragraph 73 constitute conclusions of law and plaintiff's characterization of its case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. Denies the allegations contained in the first sentence of paragraph 74. The allegations contained in the second sentence of paragraph 74 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. Admits the allegations contained in the first sentence of paragraph 75 to the extent supported by the contract modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 75. Denies the

allegations contained in the second and third sentences of paragraph 75 for lack of knowledge or information sufficient to form a belief as to their truth.

76. The allegations contained in paragraph 76 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

77. The allegations contained in paragraph 77 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78. Defendant's responses to paragraphs 1 through 77 of the complaint are incorporated by reference.

79. The allegations contained in paragraph 79 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80. The allegations contained in paragraph 80 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegation contained in paragraph 81 constitutes plaintiff's characterization of its case, to which no answer is required; to the extent that paragraph 81 may be deemed to contain an allegation of fact, it is denied.

82. Denies.

83. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 81, or to any relief whatsoever.

84. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT'S COUNTERCLAIM

1. This counterclaim arises out of the same subject matter as complained of by plaintiff in its complaint. Jurisdiction is provided by 28 U.S.C. §§ 1503 and 2508, and 41 U.S.C. § 609.

2. On June 14, 1993, defendant, the United States, acting through the United States Department of Agriculture, United States Forest Service, entered into a contract with plaintiff, Hoh River Timber Company ("Hoh River"), for the sale of timber within the Gifford Pinchot National Forest under the NSH Polk M Timber Sale Contract (the "contract") No. 078767.

3. Pursuant to the terms of the contract, as originally executed and issued, Hoh River was obligated to cut, remove, and pay for 4,240 thousand board feet ("MBF") of "included timber," as that term is defined by the contract, by March 31, 1998.

4. Following award and execution, the contract expiration date was adjusted.

5. At the time of termination, the adjusted termination date was July 30, 2005.

6. No included timber was cut, removed, or paid for by Hoh River after March 1997.

7. As of July 30, 2005, Hoh River failed to cut, remove, and pay for 1,663.48 MBF of included timber remaining on the NSH Polk M sale area.

8. Hoh River's failure to cut designated timber on portions of sale area constitutes a breach of contract.

9. Pursuant to the contract, the Forest Service was authorized to, and did, appraise the value of the remaining included timber.

10. Pursuant to and in compliance with the contract, the Forest Service calculated the damages due from Hoh River to the United States as a result of Hoh River's breach of contract.

11. On or about February 24, 2006, the contracting officer issued a Contracting Officer's Findings and Decision holding Hoh River liable to the United States in the principal amount of $369,112.08 as a result of Hoh River's breach of contract.

12. The contracting officer's February 24, 2006 Findings and Decision was lawfully issued and correct.

13. Along with the February 24, 2006 Findings and Decision, the contracting officer transmitted to Hoh River a Bill for Collection, dated February 24, 2006.

14. A copy of the February 24, 2006 Bill for Collection is attached as Exhibit 3 to plaintiff's amended complaint and is incorporated herein by reference.

15. The principal sum of $369,112.08 was due and payable by Hoh River to the United States on or before March 26, 2006.

16. Hoh River failed and refused to pay that sum, or any portion thereof, to the United States on or before March 26, 2006.

17. Hoh River's failure to pay that sum to the United States is continuing.

18. As a result of Hoh River's breach of contract, Hoh River is liable to the United States in the principal amount $369,112.08, plus interest.

**WHEREFORE,** defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Hoh River, and enter judgment for principal amount of $369,112.08 against Hoh River upon this counterclaim, plus interest, costs, attorney fees, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

*s/Kathryn A. Bleecker*

KATHRYN A. BLEECKER
Assistant Director

*s/Richard P. Schroeder*

RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant

October 16, 2006

CERTIFICATE OF FILING

I hereby certify under penalty of perjury that on this 16th day of October 2006, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Richard P. Schroeder