**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

Hoh River Timber Company, a Washington corporation,

Plaintiff,

v.

The United States,

Defendant.

No. 06-418C

(Judge Firestone)

**JOINT PRELIMINARY STATUS REPORT**

Plaintiff, Hoh River Timber Company ("Plaintiff" or "Hoh River"), and Defendant, the United States, ("Defendant" or "Government")) hereby submit the following Joint Preliminary Status Report pursuant to Appendix A of the Rules of the United States Court of Federal Claims. This Report addresses the requirements of Appendix A, section III.4 seriatim in paragraphs of corresponding designation. For those subjects on which the parties do not agree, the parties submit their respective positions.

**a. Jurisdiction**

Plaintiff believes that this Court has jurisdiction to hear this action pursuant to 28 USCA § 1491(a)(2) as an action brought on a decision of a contracting officer issued under Section 518 of the Contract Disputes Act, 41 USCA § 605. Defendant currently is unaware of any reason why the Court lacks subject matter to entertain this action.

**b. Consolidation**

The parties agree that there are no cases to be consolidated with this action.

**c. Bifurcation**

The parties agree that this case does not require bifurcation.

**d. Deferral**

The parties know of no other pending proceeding that currently warrants deferral of this matter.

**e. Remand/Suspension**

Not applicable.

**f. Joinder**

Neither party will seek to join any other party.

**g. Dispositive Motions**

Plaintiff intends to file a motion for summary judgment on the 10-year provision issue. Plaintiff states that there are other theories that involve factual issues that may be in dispute. Defendant also anticipates filing a motion for summary judgment upon the issue of whether plaintiff's failure to perform was excused by the adjustment of the contract termination date to more than 10 years after contract award. The Government also may seek summary judgment upon other of plaintiff's claims and/or the Government's counterclaim. Both parties reserve the right to file dispositive motions regarding any claims.

**h. Relevant Factual and Legal Issues**

**Plaintiff's Position:**

The NSH-Polk M. Timber Sale ("Sale") was awarded to Hoh River on June 14, 1993 with a scheduled termination date of March 31, 1998. The termination date for the Sale was changed numerous times, and ultimately extended to a final date of July 30, 2005. On February 24, 2006, the Contracting Officer for the United States Forest Service ("Forest Service"), Gifford Pinchot National Forest, issued a "Findings and Decision" letter declaring

Hoh River liable to the United States for damages for failure to complete, remove, and pay for the Sale as required in the Contract.

Plaintiff seeks a declaratory judgment finding that Plaintiff is not liable under one or more of the following theories:

(1) Endangered Species Act and Defendant's Duty of Good Faith and Fair Dealing: Pursuant to Section 7 of the Endangered Species Act ("ESA"), 16 USC § 1536(a) and its implementing regulations, the Forest Service was required to consult with the U.S. Fish and Wildlife Service ("FWS") to ensure that the Sale was not likely to jeopardize the continued existence of an endangered or threatened species. These consultations regarded the effects of the Sale on Northern Spotted Owls and Bull Trout. The Bull Trout consultation, which began in August 2000, concluded informally with a determination by the FWS that the Sale was not likely to adversely affect Bull Trout. This determination was based on certain conditions the FWS believed would be implemented concerning the Sale, including the conditions that (i) 75-foot wide no-entry riparian buffers would be placed on all streams in the Sale and (ii) no new roads (either specified or temporary) would be built to complete the Sale. The reality, however, is that proceeding with the Sale would have required Hoh River to violate the FWS conditions due to the failure of the Forest Service to buffer the streams affected in their entirety, and due to construction of new temporary roads required for logging purposes. The Sale therefore cannot be completed in a manner consistent with the express conditions upon which the FWS based its finding that Bull Trout were not likely to be adversely affected. Proceeding with such a sale would expose Hoh River to liability for violation of the FWS' guidelines, and would potentially violate section 9 of the ESA, 16 USC § 1538, prohibiting the harming or taking of a protected species, as the informal ESA consultation specifically found that no harm would occur to Bull Trout, and therefore did not grant a permit authorizing the taking or harming of the species. In addition to this risk of civil and criminal liability, violating the ESA would constitute a breach of

the Sale contract on the part of Hoh River, which requires the company to conduct its operations in compliance with Federal, State, and local statutes.

The Sale contract provides the Forest Service significant protections against ESA liability through its ability to interrupt or delay operations, or terminate or settle the contract, in order to prevent serious environmental degradation or damage, or in response to ESA concerns. The defendant cannot on one hand provide significant protections for itself to avoid ESA liability, and on the other hand not respond to the contractor's good faith belief that performance of its duties under the contract would violate the ESA. Doing so violates the duty of good faith and fair dealing implied in all contracts.

(2) <u>Expiration of Contract/Excuse of Performance</u>: Under 16 USC § 472a, commercial timber sale contracts cannot exceed ten years. This statutory limit is implemented through rulemaking in the form of 36 CFR § 223.31, which provides: "Sale contracts shall not exceed 10 years in duration, unless there is a finding by the Chief, Forest Service, that better utilization of the various forest resources (consistent with the provisions of the Multiple-Use Sustained-Yield Act of 1960) will result."

The Sale was awarded to Hoh River on June 14, 1993, with a scheduled termination date of March 31, 1998. However, the Forest Service ultimately granted adjustments of the termination date, which moved the termination date beyond 10 years. The adjustments were not based upon "a finding by the Chief" as required by 36 CFR § 223.31, and no other authority exists which lawfully permits an extension beyond the 10 year term. Although regulation 36 CFR § 223.46 provides for the adjustment of a contract, it does not permit adjustment to a term beyond 10 years. The Forest Service Manual § 2453.12a purports to allow contract term adjustments past 10 years, but the Manual is not entitled to the force of law. *Western Radio Services Co., Inc. v. Espy*, 79 F3d 896, 901 (9th Cir 1996). Under the express and unambiguous terms of the governing statute, 16 USC § 472a, the Sale contract is not to exceed ten years, and the Sale therefore expired June 14, 2003. Although the Sale contract specifies that Hoh River

may be liable for the failure to cut designated timber by the contract's termination date, through its grant of adjustments the Forest Service waived any right to claim breach prior to the end of year ten. After the tenth year of the contract, expiration of the contract ten year term extinguished any and all duties of performance between the parties.

(3) Cardinal Change: The FWS approved the Sale as not adversely affecting Bull Trout, a species listed as threatened or endangered under the ESA, based on certain conditions FWS believed would be met under the Sale. Cardinal changes relating to this event include: (1) the Forest Services's failure to fully comply with ESA requirements by buffering all streams, (2) the Forest Service's failure to advise the FWS, as to the extent of the intrusive construction still required to create roads and landings necessary to perform under the contract; and (3) the failure of the Forest Service to reinitiate consultation with the FWS in order to fully advise the FWS of points (1) and (2) above, to ensure that Hoh River could complete performance of the Sale without violating the ESA. The changes in the Sale layout do not adequately protect the streams on the Sale location, and require Hoh River to construct new roads, turnouts, and landings to complete the sale, and adequately plan for rock surfacing. Proceeding with the Sale placed Hoh River in the untenable position of having to choose between violating the FWS' conditions and exposing Hoh River to liability under ESA and for breach of the Sale contract, or proceeding with the sale in a manner which limited potential for ESA liability but substantially increased the cost and effort of performing while reducing the amount and quality of the timber that could be logged without receipt of credit for that reduction under the contract.

Additionally, the Forest Service has modified the remaining uncut units under the Sale to protect another listed species, the Northern Spotted Owl. This modification requires that all falling occur between August 31 and February 29 each year. Because of the 2800' elevation of the sale area, it is impractical to plan logging activities for December, January, or February due to snow. Consequently, all logging is effectively restricted to a 4-month time period during which the fire season will reach its peak (August and September) and it will surely rain or snow

(October and November). The above-mentioned changes to the Sale layout constitute a change of the contract which is outside of the contract's scope, and which constitutes a variance so substantial from the original contract that it constitutes a "Cardinal Change." The Cardinal Change(s) alleged constitute a breach of the contract, excusing any of Hoh River's duties of further performance under the contract.

(4) Constructive Change: In the alternative to Hoh River's Cardinal Change claim, Hoh River alleges that the above-described alterations of the Sale constitute a Constructive Change. The Forest Service has required Plaintiff to perform work beyond the Sale requirements, due to the requirements imposed by the Forest Service as a result of the changes in the Sale layout. Plaintiff is entitled to an equitable adjustment of the Sale as a result of the Constructive Change, offsetting the amount (if any) of damages otherwise owed for not completing the timber harvest under the Sale contract.

Therefore, Hoh River requests the Court declare that Hoh River is not in breach and enter a judgment in favor of Hoh River awarding no damages to the United States. In the alternative, Hoh River requests the Court find a constructive change in the contract and offset against the amount (if any) due for failure to harvest timber by an equitable adjustment which reflects the cost impacts of the Forest Service's Constructive Change.

**Defendant's Position**:

Plaintiff has identified four issues in this litigation. In discussing each issue, plaintiff has included characterizations and arguments with which the Government disagrees, and which are beyond the scope of what is required in a Joint Preliminary Status Report. The Government denies that it is liable and denies that it breached the contract at issue in this case. Below, we respond, briefly, to each enumerated issue raised by plaintiff.

1. With regard to plaintiff's first issue, we deny that plaintiff's arguments have any validity. Completion of the contract would have complied with the Endangered Species Act with respect to Bull Trout. Further, the Forest Service complied with FWS requirements. In addition,

there are no known Bull Trout in the watershed that drains the contract area. We reserve the right to make any further arguments in an appropriate filing, such as a dispositive motion.

2. With regard to plaintiff's second issue, we deny that plaintiff's arguments have any validity. Plaintiff has misconstrued the statutory and regulatory provisions upon which it relies. The initial duration of the contract was less than 10 years. Further, the contract, as adjusted, did not violate the 10 year contract duration limitation. The statute relied upon by plaintiff provides, in part, as follows: "[S]uch [ten year] period may be adjusted at the discretion of the Secretary to provide additional time due to delays caused by an act or agent of the United States or by other circumstances beyond the control of the purchaser." 16 U.S.C. § 472a(c). We reserve the right to make any further arguments in an appropriate filing, such as a dispositive motion.

3. With regard to plaintiff's third issue, we deny that there was a cardinal change, or that plaintiff's arguments have any validity, for the reasons set forth in our discussion of plaintiff's first argument, above. Further, there was adequate time for plaintiff to complete the contract during the reduced operating season. The Forest Service provided additional time pursuant to a contract term adjustment for time lost due to the reduced operating season. We reserve the right to make any further arguments in an appropriate filing, such as a dispositive motion.

4. With regard to plaintiff's fourth issue, we deny that there was a constructive change, or that plaintiff's arguments have any validity, for the reasons previously discussed. We further deny that plaintiff is entitled to an equitable adjustment. We reserve the right to make any further arguments in an appropriate filing, such as a dispositive motion.

<u>Additional Issues Raised By Defendant</u>:

5. Whether plaintiff is liable to defendant upon the Government's counterclaim for breach of contract in the amount of $369,112.08, plus interest.

6. Whether plaintiff inexcusably failed to complete its performance under the contract, despite the fact that the Government provided plaintiff with a reasonable opportunity to do so.

**i. Settlement**

This case has been assigned to an ADR judge. The parties have not discussed settlement. The parties will be in a better position to discuss settlement after conducting fact discovery. The parties will consider mediation if, as a result of discovery or other proceedings, mediation appears to be appropriate. However, any consent to mediation by the Government must be formally approved by appropriate Department of Justice officials.

**j. Schedule and Trial**

The parties do no currently know if this case will proceed to trial. However, the parties agree that any trial should take place in Portland, Oregon. Neither party requests expedited trial scheduling.

**k. Electronic case management issues**

None.

**l. Additional information**

None at this time.

**m. Discovery Required**

**Plaintiff's position:**

Plaintiff anticipates that it will be necessary to submit to the Forest Service Requests for Admission, Interrogatories, and a Request for Documents concerning the Forest Service's consultations with the FWS under the ESA, and the findings of the Forest Services' experts and inspectors who have worked on or considered the NSH-Polk M. Timber Sale, among other issues. Plaintiff will also need to conduct, at a minimum, depositions of the Contracting Officer, Frederick Dorn, and the Regional Forester, Linda Goodman, and may need to depose other witnesses and experts.

**Defendant's position:**

The Government anticipates that it will be necessary to serve Requests for Admissions, Interrogatories, and Requests for Production of Documents. The Government further intends to conduct depositions. It has not yet determined who will be deposed.

**Proposed Discovery Schedule:**

The parties propose the following discovery schedule:

Fact discovery to be completed on or before January 31, 2008.

Expert reports, if experts are retained, to be exchanged on or before March 31, 2008 and expert discovery shall be completed on or before May 16, 2008.

Dated: January 23, 2007

Respectfully submitted,

**s/Louis A. Ferreira**

LOUIS A. FERREIRA
Stoel Rives LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204-1268
(503) 224-3380

Attorneys for Plaintiff

Of Counsel:

Charles F. Adams
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

***s/Kathryn A. Bleecker***
KATHRYN A. BLEECKER
Assistant Director

***s/Richard P. Schroeder***
RICHARD P. SCHROEDER
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit
Eighth Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562

Attorneys for Defendant